OPINION
Defendant Donnie Russell appeals the May 9, 2000 judgment of the Auglaize County Court of Common Pleas sentencing him to a total of thirty-six months incarceration for his plea of guilty to two fourth degree counts of attempted aggravated vehicular homicide.
Defendant originally pled guilty to the charges on July 20, 1999 and was sentenced to maximum and consecutive prison terms by the trial court on September 20, 1999. Defendant appealed, arguing that the sentences were improper under this Court's decision in State v. Martin (June 23, 1999), Crawford App. No. 3-98-31, unreported, 1999 WL 455320. This Court agreed, and on March 13, 2000 we vacated defendant's sentence and remanded the case for a new sentencing hearing. See State v. Russell (Mar. 13, 2000), Auglaize App. No. 2-99-38, unreported, 2000 WL 268959.
On May 5, 2000, the trial court conducted a new sentencing hearing, and on May 9, 2000 again sentenced defendant to maximum and consecutive terms of imprisonment. Defendant now appeals that judgment and asserts a single assignment of error.
 The trial court's order on resentencing that the sentences of defendant-appellant [are] to be served consecutive to each other was unsupported by the record and contrary to law.
 This Court has addressed the issue of a trial court's duties on sentencing multiple times. See, e.g., Martin, unreported; State v. Akerman (Nov. 10, 1999), Hancock App. Nos. 5-99-32, 5-99-33, unreported, 1999 WL 1022127; State v. Stuber (Dec. 8, 1999), Auglaize App. No. 2-99-24, unreported, 1999 WL 1114523 at *2. We have noted that a trial court may only impose consecutive sentences if it makes a finding under R.C. 2929.14(E)(4) regarding the seriousness of the offender's conduct or his likelihood of reoffense, and have consistently held that "when determining the seriousness of the offender's conduct and the likelihood of recidivism trial courts are required to utilize the factors laid out in R.C. 2929.12. Thus, imposition of * * * consecutive terms is largely a product of the factual determinations required by that section." Martin, unreported at *2 (emphasis added). Cf. Russell, unreported at *2. See also R.C. 2929.14(E)(4).
As partial justification for its imposition of consecutive sentences in this case, the trial court stated that it was "convinced that this defendant poses such a risk that if I let him out before that and he goes out and gets drunked up again and goes down the Interstate and weaves all over the road and kills somebody that I'd have to live with that and I'm not willing to do that [sic]." Transcript of Re-Sentencing Hearing, at *7-8. However, at the sentencing hearing, the trial court also noted that defendant had "not been rehabilitated to a satisfactory degree," and "not responded favorably to sanctions previously imposed for criminal convictions," see R.C. 2929.12(D)(3). The trial court also noted that defendant has demonstrated a pattern of alcohol abuse related to the offense and has refused to acknowledge that problem. See R.C. 2929.12(D)(4). The trial court also stated that while the defendant showed some remorse, he did not accept responsibility for his actions. Cf. R.C.2929.12(D)(5). Finally, the trial court observed that defendant's actions had caused "very, serious physical harm" to two people. See R.C. 2929.12(B)(1). See also Transcript of Sentencing at *23.
Based on our full review of the sentencing in this case, we conclude that the trial court correctly utilized the R.C. 2929.12
factors in concluding that "consecutive service [in this case] is necessary to protect the public from future crim and to punish the Defendant and * * * [is] not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Transcript of Sentencing Hearing, at *24. Cf. R.C.2929.14(E)(4). We therefore conclude that the trial court has fully complied with our mandate in Martin. Cf., e.g, State v.Akerman, unreported, at * * 2-3 (noting that trial court "scrupulously complied" with sentencing statutes and affirming sentence).
Defendant has also contended that the record does not support the imposition of consecutive sentences. Under the guided sentencing scheme, the legislature has "provided a mechanism by which appellate courts are to 1) review the propriety of the trial court's sentencing decisions, and 2) substitute our judgment for the trial court's only upon clear and convincing evidence of one of the * * * errors described by R.C. 2953.08(G)." Martin, unreported at *4.
 The court hearing an appeal of a sentence under division (A) or (B)(1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
(a) That the record does not support the sentence [.]
 R.C. 2953.08(G). Defendant has argued that the trial court's determinations under R.C. 2929.14(E)(4) are clearly and convincingly unsupported in the record. However, our review of the presentence investigation report reveals that each of the trial court's determinations was based upon evidence of the defendant's prior criminal and driving records, as well as the court's observations about the defendant's attitudes towards the crime. We have previously observed:
 [T]he trial court is in the best position to make the fact-intensive determinations required by the sentencing statutes. It is the trial court [that] has the opportunity to observe the demeanor of the defendant, and the trial court who is best able to judge the impact of a particular crime upon its victims and society.
 State v. Martin, unreported at *4. It is the defendant's burden on appeal to show that clear and convincing evidence in the record establishes that the trial court's factual determinations were in error. Cf. id. We do not believe that defendant has met that burden. The evidence adduced at the sentencing hearing fully supports the trial court's decisions on seriousness and recidivism under both R.C. 2929.12 and R.C. 2929.14(E)(4), and defendant's attempts to minimize his past record and harm caused by the offense are unpersuasive.
For these reasons, defendant's sole assigned error is overruled, and the judgment of the Auglaize County Court of Common Pleas is affirmed.
HADLEY, P.J., and WALTERS, J., concur.